1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

MANUEL VASQUEZ-GARCIA,

11

Petitioner,

12

v.

13

UNITED STATES OF AMERICA,

14

Respondent.

Case No.  C05-5606RJB
CR02-5698RJB

ORDER DISMISSING MOTION
TO VACATE, SET ASIDE, OR
CORRECT SENTENCE

15

16      This matter comes before the court on petitioner Manuel Vasquez-Garcia's Motion to

17   Vacate, Set Aside, or Correct Sentence (Dkt. 1). The court has considered the pleadings filed in

18   support of and in opposition to the motion and the file herein.

19                              **I. PROCEDURAL HISTORY**

20      In 2003, Mr. Vasquez-Garcia pled guilty and was convicted of conspiracy to distribute

21   methamphetamine in violation of 21 U.S.C. §§ 841 (a)(1), 841(b)(1), 846. At the sentencing

22   hearing on May 9, 2003, the judge determined that Mr. Vasquez-Garcia was a "career offender"

23   under USSG § 4B1.1. (CR 02-5698, Dkt. 95 at 21). The judge also determined that the base

24   offense level for Mr. Vasquez-Garcia's conviction was 37 and that his criminal history placed him

25   in category VI. *Id.* at 22. The court gave Mr. Vasquez-Garcia a three point downward departure

26   of the offense level for acceptance of responsibility. *Id.* The court held that the Sentencing

27   Guidelines overstated Mr. Vasquez-Garcia's criminal history because the same prior offenses

28   resulted in both a higher base offense level and a higher criminal history score. *Id.* at 21. The

ORDER - 1

1  court therefore held that a downward departure on Mr. Vasquez-Garcia's criminal history score

2  was appropriate and reduced Mr. Vasquez-Garcia's criminal history score from VI to III. Dkt. 96

3  at 1. Based upon a total offense level of 34 and a Criminal History category of III, the court found

4  the resulting Sentencing Guidelines range to be 188 to 235 months. *Id.* The court sentenced Mr.

5  Vasquez-Garcia to 188 months, imposed no fine, and required him to pay a special assessment of

6  $100. *Id.* at 23-24.

7         On September 9, 2005, Mr. Vasquez-Garcia filed this Motion to Vacate, Set Aside, or

8  Correct Sentence under 28 U.S.C. § 2255. Dkt. 1. Mr. Vasquez-Garcia's motion makes the

9  following claims: (1) His counsel was ineffective because counsel did not object to the base

10  offense level of 37; and (2) The prior offense that rendered him a career offender was not properly

11  identified. Mr. Vasquez-Garcia apparently bases his request for resentencing on *Booker*.

## II. DISCUSSION

13  Prisoners in custody under a sentence imposed by a federal court who claim the right to be

14  released on the ground that the imposed sentence violates the Constitution or laws of the United

15  States, that the court lacked jurisdiction to impose the sentence, that the sentence was in excess of

16  the maximum authorized by law, or that the sentence is otherwise subject to collateral attack; may

17  move the court that imposed the sentence to vacate, set aside or correct the sentence under 28

18  U.S.C. § 2255.

### A. TIMELINESS OF THE MOTION

Motions to vacate, set aside, or correct a sentence are subject to a one year statute of

limitation. This limitation period commences on the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

ORDER - 2

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6. The date upon which judgment of conviction becomes final is the date upon which the time for seeking direct review expires. *U.S. v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Because Mr. Vasquez-Garcia did not seek direct review, the date on which his judgment of conviction became final was May 23, 2003. *See* Fed. R. App. Pro. 4(b)(1)(A)(I) (ten days after May 9, 2003, excluding Saturdays, Sundays, and legal holidays pursuant to Fed. R. Civ. Pro. 6(a)). The statute of limitations therefore expired on May 23, 2004. Mr. Vasquez-Garcia did not file his motion until September 9, 2005. The motion is time-barred.

Mr. Vasquez-Garcia contends that his motion falls within 28 U.S.C. § 2255 ¶6 (3) and that the limitations period for his motion does not expire until one year after the Supreme Court announced its decision in *United States v. Booker*, 125 S.Ct. 738 (2005). *Booker* has not been "made retroactively applicable to cases on collateral review" as required by 28 U.S.C.§ 2255 ¶6 (3). *See U.S. v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005).

Finally, Mr. Vasquez-Garcia has not demonstrated that equitable tolling would be appropriate. The one year statute of limitations under 28 U.S.C. § 2255 is subject to equitable tolling, but Mr. Vasquez-Garcia has failed to present the court with any evidence to support the application of equitable tolling to his case. *See, e.g.*, *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 814 (9th Cir. 2003). The court should therefore dismiss Mr. Vasquez-Garcia's petition as time barred.

**B. OTHER RELIEF**

The Ninth Circuit recently granted a motion to recall a mandate in a case that raised issues under *Blakely v. Washington*, 542 U.S. 296 (2004), and *Booker*. *U.S. v. Crawford*, 422 F.3d 1145 (9th Cir. 2005). The court found "extraordinary circumstances" and recalled the mandate, vacated the sentence, and remanded the case for resentencing. *Id*. The extraordinary circumstances identified by the court were the sentencing judge's expressed and explicit reservations, on the record, about the sentence required by the Sentencing Guidelines and the timing of the issuance of the mandate in relation to the *Blakely* and *Booker* decisions. *Id*. at 1145-

ORDER - 3

46. The court explicitly stated that the question of whether extraordinary circumstances justify

recalling the mandate depends upon the facts of a case. *Id.* at 1146 n.2. Regardless of what facts

would qualify as "extraordinary circumstances" in Mr. Vasquez-Garcia's case, the petitioner has

not moved for a recall of the mandate, and such a motion would not properly be before this court.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Mr. Vasquez-Garcia's Motion to Vacate, Set Aside, or Correct

Sentence under 28 U.S.C. § 2255 (Dkt. 1) is **DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and

to any party appearing *pro se* at said party's last known address.

DATED this 9th day of November, 2005.

Robert J. Bryan
United States District Judge

ORDER - 4