UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MANUEL VASQUEZ-GARCIA,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Case No.  C05-5606RJB
CR02-5698RJB

ORDER ON PETITIONER'S RESPONSE AND IN OPPOSITION TO GOVERNMENT'S RESPONSE TO §2255

    This matter comes before the court on Petitioner's Response and in Opposition to Government's Response to § 2255 (Dkt. 8).

**I. PROCEDURAL HISTORY**

    On September 9, 2005, Mr. Vasquez-Garcia filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Dkt. 1. The petitioner's motion was noted for November 7, and his reply was due on November 4. Dkt. 5. The government responded on October 21. Dkt.6. Mr. Vasquez-Garcia filed this "response," which appears to be an untimely reply to the government's response to the petitioner's § 2255 motion, on November 10, 2005. Dkt. 8. On November 9, 2005, the court dismissed the petitioner's motion as time barred because the petitioner did not file his motion until the one year statute of limitations period had expired. Dkt. 7.

    In the interest of fairness to Mr. Vasquez-Garcia, the court will consider the reply as if it had been timely filed.

ORDER - 1

## II. DISCUSSION

In his reply, Mr. Vasquez-Garcia urges the court to modify his sentence on the grounds that he is entitled to a downward departure on his base offense level. Dkt 8 at 2. Before reaching the merits of the petitioner's motion, the court must determine whether the motion is timely. Mr. Vasquez-Garcia's reply makes almost no mention of his motion's timeliness:

> [P]etitioner submit's [sic] a §2255 ¶ 6(3), claiming that he is entitled to relief pursuant to the most recent decision announced. *See United States v. Booker*, 125 S.Ct. 738 (2005). The Government claims that this petition is out of time. Mr. Vasquez, claims that he is subject to relief do [sic] to the §2255 ¶ 6(3) commentary.

Dkt. 8 at 2. As the order dismissing the petitioner's motion previously stated, 28 U.S.C. § 2255 ¶ 6(3) is inapplicable to the Mr. Vasquez-Garcia's case because *Booker* has not been "made retroactively applicable to cases on collateral review" as is explicitly required by the statute. 28 U.S.C. § 2255 ¶ 6(3). The court should therefore hold that the dismissal of Mr. Vasquez-Garcia's motion shall remain in full force and effect, notwithstanding the petitioner's late reply.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Mr. Vasquez-Garcia's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Dkt. 1) is **DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 18th day of November, 2005.

Robert J. Bryan
United States District Judge

ORDER - 2